GILSON v. THE JACKSON COUNTY HORSE RAILWAY COMPANY, *Appellant*.

1. **Where** the defense of contributory negligence is pleaded it should not be omitted from the instructions.

2. **Carrier of Passengers—not an Insurer.** A carrier of passengers is not an insurer but is held only to the utmost care and diligence of a cautious person. An instruction, therefore, that a carrier was liable for an injury to a passenger from a defect in his vehicle unless he had used the "greatest possible care and diligence that was necessary," is erroneous.

*Appeal from Jackson Circuit Court.*—HON. S. H. WOODSON, Judge.

REVERSED.

*Wells H. Blodgett, Chas. A. Winslow* and *Jno. W. Tarsney* for appellant.

*Tichenor & Warner* and *Belch & Silver* for respondent.

HENRY, J.—The plaintiff's suit is to recover damages for personal injuries, alleged to have been caused by the negligence of the defendant. As his cause of action, it is alleged in his petition : "That on or about the 29th day of December, 1877, plaintiff entered one of defendant's cars as a passenger, for the purpose of being conveyed from one point to another in Kansas City, and that he paid the usual fare therefor; that before arriving at the point to which defendant agreed to carry him, the said car of defendant, by reason of the carelessness and negligence of the driver thereof, ran off the track, whereupon said driver ordered and compelled the passengers therein to get out of said car and walk while he drove said car along in order to get the same upon the track again; that plaintiff got out of said car in obedience to the order of said driver, along with the other passengers, and walked upon the track of defendant behind said car while the driver drove the same along in his endeavor to get the same upon the track; that while so walking, the rear door of said car fell from its place and dropped outward, striking plaintiff upon his leg near the knee, knocking him down and driving a piece of glass into his leg, and that said door fell because said car was defective, and had been suffered by defendant to get out of repair; that said door was not securely and properly fastened to the car, but had been suffered by defendant to be out of repair, all of which was known to defendant, or might have been known to it by the exercise of ordinary care; that by reason of said injuries plaintiff had been confined to his bed, endured great suffering and became permanently disabled; that by reason of said injuries he had incurred expenses in the sum of $250 in endeavoring to be cured; therefore he prayed judgment in the sum of $5,000." The answer is a general denial, and also specially that whatever injuries plaintiff may

have sustained were caused by his own negligence. The replication is a general denial of the new matter pleaded in the answer. At the trial of the cause plaintiff obtained a judgment, from which defendant has appealed.

Plaintiff for himself testified that he entered the car and paid his fare; that it ran off the track and the driver ordered the passengers to get out, so that he could get it back on the track; that he got out and walked beside the car, and near the end of it, the door fell off edgeways and struck him on his foot. The driver said he had been telling them that the door needed fixing, and that it was always coming down. Plaintiff's attention was called to the door before he got out of the car at the corner of Mulberry street, where some persons were getting in the car, when the door came out of its place and the driver set it in again. Plaintiff had also noticed the car door about a month before, when it came off, and the driver set it in. On cross-examination, he said he could not swear it was the same car whose door he saw come off a month before.

The defendant's testimony all tended to show that the car in question and the car door were in good condition, and to contradict the plaintiff's testimony as to the knowledge of the driver and the company that it needed repairs.

The court, for plaintiff, instructed the jury as follows:

1. The jury are instructed that defendant was bound to the utmost care and skill in reference to its cars as was necessary so far as its passengers were concerned, and if you believe from the evidence that plaintiff on or about the 29th day of December, 1877, entered the car of defendant for the purpose of being conveyed from one point to another, and paid his fare therefor, and if you believe the door of said car was defective, or was out of repair, or was not secured or properly fastened, and it fell by reason thereof, and that plaintiff was hurt by such fall, then he must recover, unless you believe such defects or lack of repair or such insecurity in the fastenings could not have

been remedied by the utmost care and skill on the part of defendant as was necessary.

The jury are instructed that if you believe from the evidence that on or about the 29th day of December, 1877, plaintiff entered the car of defendant, to be conveyed from one point to another, and paid his fare therefor, and that before he was conveyed to said point he was injured by a door of said car falling from its place and dropping against him, then he must recover, providing you believe said door could have been kept from falling from its place and dropping against him had the defendant used the greatest possible care and diligence in reference to said door that was necessary.

For the defendant the court instructed the jury that there was no evidence that the car was originally improperly constructed, or that it was of an improper or unsuitable pattern, or that the driver was negligent in driving the car; and also "that the care, prudence and caution required of the defendant is such * * as a very careful and prudent person would use and exercise in a like business and under like circumstances."

Appellant's counsel complain of the instructions given for plaintiff; that they submitted a cause of action not stated in the petition, contending that "the *gravamen* of the charge was the negligent management of the car by which plaintiff was compelled to assume a position in which it became possible for the door to fall so as to injure him." We do not so construe the petition. What counsel contend is the proximate cause of the injury alleged in the petition is only stated in order to show that, although plaintiff was not in the car when injured, he nevertheless was still a passenger. Without those preliminary statements or other allegations, showing why he was walking behind and near the car when hurt, his petition would have been fatally defective in not showing any relation between him and the company, which made the latter liable for the injury received by him. He need not have stated

that it was owing to the negligence of the driver that the
car jumped the track. It was wholly immaterial how it
got off the track, as the plaintiff's injury did not then
occur. The allegations on that subject are only material
to show that the relation of passenger and carrier existed
between plaintiff and the company when plaintiff was in-
jured.

The instructions we think erroneous, however, in al-
lowing a recovery by plaintiff without regard to the ques-
tion of contributory negligence. That defense was pleaded
and there was evidence tending to establish it, and it is too
late to say that it was not pleaded with sufficient precision.
If not sufficient, a motion to strike it out, or to make it
more definite and certain should have been made, but hav-
ing failed to take any exceptions to it, and made an issue
upon the allegation of contributory negligence in the an-
swer, plaintiff is precluded from alleging the insufficiency
of the answer. *Edmonson v. Phillips*, 73 Mo. 63.

The first instruction is also vague and ambiguous, and
the second, as we interpret it, does not declare the law.
The first declares that plaintiff must recover unless the
defects, or lack of repair, or such insecurity in the fasten-
ings could not have been remedied by the utmost skill and
care on the part of defendant, as was necessary.

The second, that he should recover provided the jury
believed that " said door could have been kept from falling
from its place and from dropping against him had the de-
fendant used the greatest possible care and diligence in
reference to said door that was necessary." Necessary for
what ? To keep the door from falling ? Although the car
may have been perfectly constructed, and the door hung
and fastened as well as human ingenuity and skill could
have done it, and although no knowledge of any imper-
fection was in possession of defendant, and notwithstand-
ing the utmost diligence and care had been used by the
company to discover any defect in the car, yet it was liable
if it did not do everything necessary to prevent the acci-

dent. It requires the company to do everything necessary in the abstract without regard to the perfection of the car and car door—without regard to the care and skill and attention which the company had bestowed upon their preservation, and without any reference whatever to the question of defendant's knowledge of the defect, or its efforts or opportunity to discover it. Such is not the law, and if the court did not by that instruction intend so to declare it, then it is vague, ambiguous and misleading. The rule on the subject of the degree of care exacted of common carriers of passengers is stated in Story on Bailments, as follows: "But passenger carriers not being insurers, and not responsible for accidents when all reasonable skill and diligence have been employed, when everything has been done which human prudence, care and foresight can suggest, accidents may happen." § 602. Again the same author says, speaking of the liability of passenger carriers: "The ordinary principle in criminal cases, where persons are made liable for personal wrongs and injuries arising from slight neglect, would seem to furnish the true analogy and rule. It has occasionally been held that passenger carriers bind themselves to carry safely those whom they take into their coaches, as far as human foresight will go; that is, for the utmost care and diligence of very cautious persons." § 601.

In *Lemon v. Chanslor*, the above rule was sanctioned, 68 Mo. 340; also in *Sawyer v. Hannibal & St. Joseph R. R. Co.*, 37 Mo. 240. The rule announced in the instructions for plaintiff, goes far beyond that to which the court gave its sanction in the above case, and holds the carrier liable not only for the utmost care and diligence of very cautious persons, but requires the carrier to be gifted with prescience and to know what no human skill and foresight would reveal. In effect it makes the carrier an insurer of the life and limb of the passenger.

Defendant's third instruction given declares a doctrine

in harmony with that of the Missouri cases, above cited, but the plaintiff's instruction is in direct conflict with it.

For the errors noticed, the judgment is reversed and the cause remanded.   All the judges concur.