MARY FREEMAN, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, June 9, 1902.

1. **Street Railways: NEGLIGENCE: INSTRUCTION.** An instruction mentioned in the opinion is condemned on the authority of Freeman against the same defendant, 95 Mo. App. 94.

2. ——: ——: ——: **CONFUSING AND CONFLICTING.** An instruction set out in the opinion is condemned as calculated to bewilder the jury and as conflicting with other proper instructions given.

Appeal from Jackson Circuit Court.—*Hon. W. B. Teasdale*, Judge.

REVERSED AND REMANDED.

*Arthur F. Smith, John H. Lucas* and *Frank Hagerman* for appellant.

(1) The court erred in giving plaintiff's instruction 1. It was a clear comment upon the testimony. Anderson v. Kincheloe, 30 Mo. 520; Fine v. Public Schools, 39 Mo. 59; Jones v. Jones, 57 Mo. 138; For-

rester v. Moore, 77 Mo. 651; Benjamin v. Railroad, 50 Mo. App. 602; Barr v. Kansas City, 105 Mo. 550; Blair v. Railroad, 31 Mo. App. 224; Pryor v. Railroad, 85 Mo. App. 367; Spohn v. Railroad, 87 Mo. 74; Lynch v. Railroad, 112 Mo. 420; Weller v. Railroad, 120 Mo. 635. (2) The court erred in giving plaintiff's instruction 2. The instruction was a comment upon the testimony. Benjamin v. Railroad, 50 Mo. App. 602; Blair v. Railroad, 31 Mo. App. 224; Pryor v. Railroad, 85 Mo. App. 367. It required too high a degree of skill to be exercised. Feary v. Railroad, 162 Mo. 75, 104. More than this, it conflicted with the court's modified instruction 10, and conflicting instructions are always erroneous. Frederick v. Allgaier, 88 Mo. 598; State v. McNally, 87 Mo. 644; State v. Simms, 68 Mo. 305; Simmons v. Carrier, 60 Mo. 581; Henschen v. O'Bannon, 56 Mo. 289; Thomas v. Babb, 45 Mo. 384; Goetz v. Railroad, 50 Mo. 472. (3) It erroneously fixed liability if the accident could not have been prevented by the exercise of the utmost human skill, diligence and foresight, and was contradictory by its own terms. Bindbeutal v. Railroad, 43 Mo. App. 463. (4) It enlarged the issues of negligence as made by the pleadings. Waldhier v. Railroad, 71 Mo. 514; McManamee v. Railroad, 135 Mo. 440; McCarty v. Rood Hotel Co., 144 Mo. 397. This rule applies to passenger cases. Price v. Railroad, 72 Mo. 416; Ely v. Railroad, 77 Mo. 34; Leslie v. Railroad, 88 Mo. 50; Hite v. Railroad, 130 Mo. 132; Bartley v. Railroad, 148 Mo. 124; Feary v. Railroad, 162 Mo. 75; Jacquin v. Railroad, 57 Mo. App. 320.

*J. H. McVay* for respondent.

(1) Instruction No. 1 is not a comment on the evidence. Calhoun v. Walsh, 7 Mo. App. 588; State v. Marshall, 137 Mo. 463; Dunn v. Henley, 24 Mo. App. 579; Tyler v. Hall, 106 Mo. 323; R. S. 1899, sec.

687; Fullerton v. Fordyce, 144 Mo. 519; Hull v. St. Louis, 138 Mo. 618.    (2)    The second instruction given by the court is a full, clear and proper statement of the law applicable to the case as made by the pleadings and the testimony, and placed before the jury fairly the matter at issue.  It is not the duty of the court, in a civil action, when not requested, to instruct the jury on every conceivable aspect of the case, and it is not error to fail to do so.  Wright v. Gillespie, 43 Mo. App. 244; Bindbeutal v. Railroad, 43 Mo. App. 463.    (3)    Instructions which group together facts of which there is evidence to prove, and tell the jury the legal effects of these facts, if they find them to exist, are to be given in preference to such as deal in generalities.  Zimmerman v. Railroad, 71 Mo. 476; Moore v. Railroad, 73 Mo. 438; Kerr v. Cusenbary, 69 Mo. App. 221; Zwisler v. Storts, 30 Mo. App. 164; State v. Stewart, 90 Mo. 507; Ball v. City of Independence, 41 Mo. App. 469; Brink v. Railroad, 17 Mo. App. 177; Burbridge v. Railroad, 36 Mo. App. 669.    (4) This instruction was approved in Furnish v. Railroad, 102 Mo. 438, and cases there cited.  Instructions covering the whole issue, and supported by the evidence, are properly given.  Russel v. Railroad, 26 Mo. App. 368. (5)    This instruction read and considered with the others contains correct and legal principles applicable to the case, and is correct, though it might be subject to verbal criticism.  Reilly v. Railroad, 94 Mo. 600; State v. Matthews, 98 Mo. 125; Shaw v. Dairy Co., 56 Mo. App. 521; Hughes v. Railroad, 127 Mo. 447; Deweese v. Meramac Iron Min. Co., 54 Mo. App. 476; Singer & Talcott Stone Co. v. Sinclair, 10 Mo. App. 593. (6)    It did not require too high a degree of skill to be exercised.    Jones v. Railroad, 31 Mo. App. 614; Furnish v. Railroad, 102 Mo. 438; Smith v. Railroad, 108 Mo. 243; Powers v. Railroad, 60 Mo. App. 481. There was no conflict in this instruction or any other given by the court.

BROADDUS, J.—The plaintiff here is the wife of J. H. Freeman, plaintiff in the case of Freeman v. Metropolitan Street Railway Company, 95 Mo. App. 94. The statement of the facts of that case will substantially answer as a statement in this, as she seeks to recover for the alleged injury which is the same in both cases.

The first instruction given for the plaintiff was objected to for the same reasons that were urged against the fourth one in the husband's case. Although said instruction is not quite so objectionable as the former one, the same objection applies to both.

Instruction number two given at the instance of plaintiff is as follows: "The court instructs the jury that if they believe from the evidence that on or about the eighth day of July, 1900, the defendant was engaged in the business of transporting passengers on its cars over and upon Twelfth street and Troost avenue of Kansas City, Missouri, and that on said day, plaintiff, Mrs. Mary Freeman, was received by it to be carried as a passenger on one of its said cars, and that while being so transported on said car, she was injured by reason of said car coming to an abrupt and sudden stop in such a way that the plaintiff was thrown out of her seat and against some portion of said car and was injured and that said sudden stop was caused by the negligent, careless or unskillful management of said car by defendant's servants, or the negligent management of said car or the equipment or machinery of the same by which it was operated, or by reason of any negligence or lack of care, skill or diligence on the part of the defendant's servants, agents or employees operating the said car, and that the said accident could not have been prevented by the exercise of the utmost human skill, diligence and foresight, and unless the jury so believe they will find for the plaintiff. By the utmost human skill, diligence and foresight, is meant that skill, diligence and foresight as is

exercised by a very cautious person under like circumstances.''

The objection to this instruction is, that after the jury were told what degree of care was required of the defendant, they were further told that if said accident could *not* have been prevented by the exercise of the utmost human skill, diligence and foresight, they would find for plaintiff. It is hard to conceive how an instruction could have been constructed better calculated to bewilder and confuse a jury. The law of negligence is very clearly stated in an instruction written by the court and given on behalf of the defendant, and the one under consideration must have escaped attention. Between the two the jury was left without a guide, unless it rejected the bad, and was guided in its deliberation by the good one. The first, if it meant anything, meant that the jury were to find defendant guilty of negligence at all events, otherwise that defendant was an insurer of plaintiff's safety. But we can not tell how the jury acted on the instructions.

The same objection exists as to plaintiff's third instruction as applied to number three, in the husband's case.

For the errors noted, the cause is reversed and remanded. All concur.