SKILES, Respondent, v. ST. LOUIS, IRON MOUN-
    TAIN & SOUTHERN RAILWAY COMPANY, Ap-
    pellant.

St. Louis Court of Appeals, March 17, 1908.

1. **CARRIERS OF PASSENGERS: Degree of Care: "Utmost"
   Skill and Diligence.** In an action by a passenger against a railroad company for injuries received in a wreck of a train on which the passenger was riding, it was error to instruct the jury without qualification that it was the duty of the defendant to make the track, etc., reasonably safe and sound "so far as human skill, diligence and foresight could provide," and to exercise "the utmost human skill, diligence and foresight." But where such instructions defined the "utmost human skill, diligence and foresight," to be "such skill, diligence and foresight as is exercised by a very cautious person under like circumstances," it was not erroneous.

2. **————: Injury to Passenger: Pleading: Defective Roadbed.** In an action by a passenger against a railroad company for injuries received in a wreck, where the petition alleged the negligence of the servants of the defendant in charge of the "railroad, train and roadbed," this was sufficient to permit evidence of a defective track; the term "railroad" includes the track.

3. **PERSONAL INJURIES: Measure of Damages: "Condition in
   Life."** In an action for personal injuries by an aged woman, where there was no evidence that she had an occupation or earned wages, it was error to permit the jury in estimating her damages to take into consideration "her condition in life."

4. **CARRIERS OF PASSENGERS: Res Ipsa Loquitur: Unavoidable Accident.** In an action by a passenger against a railroad company for injuries received in an accident caused by the derailment of the car on which the passenger was riding, the fact that the injury was the result of an accident was not a defense to the action unless the accident was unavoidable or inevitable.

Appeal from Butler Circuit Court.—*Hon. J. C. Sheppard,* Judge.

REVERSED AND REMANDED.

*James F. Green* for appellant.

(1)  Plaintiff's instructions were erroneous in declaring it to be the duty of defendant to furnish a roadbed, etc., safe, "so far as human skill, diligence and foresight could provide." No such duty was imposed by the law.   Magrane v. Railroad, 183 Mo. 119; Freeman v. Railroad, 95 Mo. App. 100; Robinson v. Railroad, 103 Mo. App. 100; Dougherty v. Railroad, 97 Mo. 647; Feary v. Railroad, 162 Mo. 75; Schafer v. Railroad, 128 Mo. 64; Smith v. Railroad, 108 Mo. 243.   (2)  The petition averred that the injury occurred on account of the negligence and want of skill of defendant's servants in charge of its railroad, trains and roadbed, but the instructions authorized a recovery if the jury found that there was a defect in the "track and ties." The term "roadbed" does not mean ties.   Meador v. Railroad, 129 Mo. 97; Menker v. Railroad, 60 Mo. 338; Hinds v. Railroad, 22 Mo. App. 208; Gessley v. Railroad, 26 Mo. App. 161; Ross v. Kansas City, 48 Mo. App. 448.   (3) The petition having predicated the right to recover on account of the alleged negligence of defendant's employes in charge of its railroad, train and roadbed, no recovery could be had upon any other ground.   Roscoe v. Railroad, 101 S. W. 32; McGrath v. Railroad, 197 Mo. 97; Hamilton v. Railroad, 114 Mo. App. 509; Orcutt v.

Skiles v. Railroad.

Building Co., 99 S. W. 1062; Bartley v. Railroad, 148 Mo. 139.

*Abington & Phillips* for respondents.

(1) Instructions 1 and 2 asked by the plaintiff and given by the court correctly declared the law. Furnish v. Railroad, 102 Mo. 438; Feary v. Railroad, 162 Mo. 75. (2) The petition averred that the injury was the result of the "carelessness, negligence and want of skill of the defendant's servants and agents in charge of its railroad, trains and roadbed." The word "railroad" in this connection would mean rails and ties. Anderson's Law Dictionary, p. 854; Bouvier's Law Dictionary, Vol. II., p. 501; Central, etc. Ry. Co. v. Twenty-Third Street Ry. Co., 54 How. Pr. (N. Y.) 168; Black v. Railroad, 58 Pa. St. 252; Lake Superior, etc. R. Co. v. U. S., 93 U. S. 442; Cleveland, etc. R. Co. v. Speer, 56 Pa. St. 335. (3) The court did not commit error in giving plaintiff's instruction No. 3. Similar instructions are approved in the cases of Gorman v. Railroad, 113 Mo. 408; Neilon v. Railroad, 85 Mo. 599. (4) The court did not commit error in refusing defendant's instruction No. 4. Henry v. Railroad Company, 113 Mo. 537.

BLAND, P. J.—On December 12, 1906, plaintiff, a lady sixty years of age, boarded one of defendant's passenger trains, traveling south, at Williamsville, Missouri, and paid the conductor her fare ($10.33) to Texarkana, Texas, the point of her destination. At about eight-thirty o'clock p. m., south of Poplar Bluff, in Butler county, the chair car in which plaintiff was riding left the track and turned over, causing injuries to plaintiff's left hand and to her face. The action is to recover for these injuries. Plaintiff recovered judgment for $2,500, from which defendant appealed. After stating preliminary matters, the petition alleges "that

defendant unmindful of its duty in the premises and in violation of its contract aforesaid, failed to carry plaintiff well and safely between the stations hereinbefore mentioned, but so carelessly and negligently conducted itself in the premises, that plaintiff without fault on her part, was at Butler county, Missouri, on said twelfth day of December, 1906, by the carelessness, negligence and want of skill of defendant's servants and agents in charge of its railroad, trains and roadbed, mangled, bruised, wounded and greatly injured, the car on which plaintiff was a passenger being wrecked at said Butler county, Missouri, on account of the negligence and carelessness of the agents and servants of the defendant aforesaid; that the right cheek of plaintiff was cut and scarred, permanently disfiguring plaintiff; the first three fingers of the left hand were crushed and the flesh torn from same, giving to said hand and fingers a permanent injury.; the left cheek was bruised and lacerated; one of her lower limbs was bruised and contused, and her nervous system seriously injured."

The answer admitted that defendant is a corporation, organized under the laws of the State of Missouri, and denied all other allegations of the petition.

Plaintiff's evidence shows that she boarded one of defendant's passenger trains at Williamsville and paid her fare to Texarkana; that about eight-thirty or nine o'clock p. m., after the train had passed Poplar Bluff traveling south, the car in which she was riding turned over on its side, causing the tendons and muscles of the first three fingers of her left hand to be so lacerated and torn as to permanently destroy their use, and also causing a deep wound in the side of her face which has left a permanent scar, and other injuries of minor importance. There is no evidence tending to show that defendant's servants and agents in charge of the train were in the least negligent, or that they were incompetent. Defendant's evidence shows that on the day of

the accident twenty-three trains, fourteen passenger and nine freight trains, had passed over the road where the accident occurred, and that the engine and tender in the train plaintiff was on passed the point of accident in safety, but all the cars behind the tender left the track and all except the sleeper turned over on their sides. Over the objections of defendant, plaintiff introduced evidence in rebuttal, tending to show that an old rail had been put into the track some time before the accident and that this rail broke and caused the car to turn over.

1. The court instructed the jury for plaintiff, that the burden was on defendant to prove to the satisfaction of the jury "that said car, the engine drawing the same, the machinery by which it was operated, and the road-bed, tracks and ties of the road, at the place of the wreck, was reasonably safe and sound, so far as human skill, diligence and foresight could provide; and that said accident was caused by inevitable accident or defects in said car, engine, machinery, roadbed, track and ties that could not have been seen, detected or known to the defendant, its agents or servants, by the exercise of the utmost human skill, diligence and foresight." The last clause of the second instruction is as follows: "By the utmost human skill, diligence and foresight, is meant such skill, diligence and foresight as is exercised by a very cautious person under like circumstances." It is contended that this instruction is erroneous in declaring it to be the duty of defendant to keep its road-bed, etc., safe, "so far as human skill, diligence and foresight could provide."

In Magrane v. Railway, 183 Mo. 1. c. 128, 81 S. W. 1158, VALLIANT, J., in speaking of the care a carrier of passengers is required to exercise, said: "It is the highest degree of care that can reasonably be expected of prudent, skillful and experienced men engaged in that kind of business. The term 'as far as is capable by

human care and foresight,' in this connection is liable to be misconstrued by a jury as meaning care to the utmost limit imaginable, that is care without limit, whereas the highest degree of care practicable among prudent and skillful men in that business is all that can reasonably be expected of any man and it is all that the law demands."

In Feary v. Metropolitan Street Ry. Co., 162 Mo. 75, it was held that an instruction which required the defendant railroad, in carrying passengers, to exercise "all the care and foresight reasonably practicable" to avoid the accident, is as broad as the liability of the carrier.

In Freeman v. Metropolitan Street Ry. Co., 95 Mo. App. 94, 68 S. W. 1060, it was held that an instruction holding a passenger carrier guilty of negligence unless he exercised the utmost human skill, diligence and foresight to prevent the accident, was erroneous.

In Robinson v. Railway, 103 Mo. App. 110, 77 S. W. 493, it was held: "In an action for personal injuries to a passenger caused by a collision between the car on which plaintiff was riding and another of defendant's cars, an instruction which told the jury the plaintiff was entitled to recover, 'if the defendant's servants in charge of its said car could have prevented said collision by the exercise of a high degree of care, such as would have been exercised by careful, skillful railroad employees under the same and similar circumstances,' correctly declared the law."

To exercise care so far as human skill, diligence and foresight can provide, furnishes no standard by which to measure the care the law says should be exercised, and leaves it to the jury to imagine possibilities and make comparison of possibilities in the circumstances shown by the evidence, and can only lead to confusion and result in a mere guess. But we think this vice was taken out of this instruction by the last clause

in the second instruction defining "the utmost human skill, diligence and foresight" to be "such skill, diligence and foresight as is exercised by a very cautious person under like circumstances." Instructions in almost the identical language were approved in Furnish v. Railway, 102 Mo. l. c. 450, 113 S. W. 1044.

2. It is contended by defendant that there is no allegation in the petition that the track was defective. The petition alleges negligence of the servants of defendant in charge of the railroad, train and roadbed. Roadbed does not mean, or include, track and ties. [Meadows v. Insurance Co., 129 Mo. l. c. 97, 31 S. W. 578; Santa Clara Co. v. Railroad, 118 U. S. l. c. 413; Cass County v. Railroad, 25 Neb. l. c. 353.] But the allegation of negligence takes in the word railroad as well as roadbed, and the word railroad has a much broader significance than the word roadbed. It means, "a road or way on which iron rails are laid for wheels to run on, for the conveyance of heavy loads or vehicles" (Webster), quoted in Dinsmore v. Railroad, 12 Wis. l. c. 657, and we think the word as used in the petition is broad enough to include the roadbed and the superstructure, including crossties, rails and fastenings.

3. The court gave the following instruction on the measure of damages:

"3. If the jury find for the plaintiff, they will take into consideration in fixing the amount of the damages, the age of the plaintiff, her condition in life, and will fix the damages at such sum as they may believe and find from the evidence will compensate her for her injuries, including all bodily pain and mental anguish, they may believe from the evidence she has suffered, and will necessarily and inevitably suffer, and any permanent injury and incapacity they may believe, from the evidence she has sustained, all of which you will consider, fixing the amount of said damage at whatever sum you deem right under the evidence and this instruction, not

Skiles v. Railroad.

exceeding, however, four thousand, five hundred dollars."

Defendant insists that this instruction is misleading and erroneous in that it authorizes the jury to take into consideration plaintiff's condition in life when there was no evidence of her condition in life. Plaintiff testified that she was a widow woman but there is no evidence that she had any occupation or earned wages, and in these circumstances it is difficult to understand what is meant by "her condition in life," and it is past finding out what influence, if any, it had upon the jury in estimating the damages. In Ross v. Kansas City, 48 Mo. App. l. c. 447-48, the court said: "It is only in cases where the plaintiff seeks to recover damages for loss of time or service, that the plaintiff's 'condition in life' can be considered by the jury." [See also Connable v. Clark, 26 Mo. App. l. c. 166; Hinds v. City of Marshall, 22 Mo. App. l. c. 215.]\ We think the instruction is clearly erroneous.

4. The court refused to give the following instruction asked by defendant:

"4. The court instructs the jury that if you find that the injury to the plaintiff was the result of an accident by the derailment of the car in which she was riding, then your verdict should be for the defendant."

The instruction did not say "inevitable" or "unavoidable" accident, and for this reason was properly refused. [Feary v. Railway, supra.]

5. Error is also assigned in the admission of evidence in rebuttal. As the judgment must be reversed and the cause remanded for new trial, the evidence offered in rebuttal can, if the plaintiff elects, be offered in chief, where it properly belongs.

For error in the instruction on the measure of damages, the judgment is reversed and the cause remanded. All concur.