ADA McKENZIE, Respondent, v. UNITED RAIL-
WAYS COMPANY OF ST. LOUIS, Appellant.

### St. Louis Court of Appeals, May 5, 1914.

**DAMAGES: Personal Injuries: Age and Condition in Life.** In
an action for permanent personal injuries, it is proper to in-
struct that plaintiff's age and condition in life may be con-
sidered, in assessing the damages, except where the plaintiff
is a married woman and is not engaged in business on her
own account.

Appeal from St. Louis City Circuit Court.—*Hon. Hugo
Muench,* Judge.

AFFIRMED.

*Boyle & Priest* and *Paul U. Farley* for appellant.

The court erred in giving the instruction for plain-
tiff on the measure of damages. Skiles v. Railroad,
130 Mo. App. 168; Hinds v. City of Marshall, 22 Mo.
App. 215.

*Julian Laughlin* for respondent.

NORTONI, J.—This is a suit for damages ac-
crued to plaintiff on account of personal injuries re-
ceived through defendant's negligence. Plaintiff re-
covered and defendant prosecutes the appeal.

It appears plaintiff, a passenger on one of defend-
ant's street cars, was injured through the premature
starting of the car while she was in the act of alight-
ing therefrom. Plaintiff's injuries are not only se-
rious, but the evidence tends to prove they are perma-
nent as well. Plaintiff is a single woman, that is, a
widow, aged about fifty-eight years, at the time of
receiving her injury.

The only argument advanced for a reversal of the
judgment relates to the instruction on the measure of

McKenzie v. United Railways Co.

damages given at the instance of plaintiff. The instruction complained of is as follows:

"If you find for the plaintiff, you will, in assessing her damages, take into consideration, her age and condition in life, the injury sustained by her, if any; the physical pain and mental anguish suffered and endured by her on account of said injury, if any, as you believe will result in the future from such injuries; such sums as plaintiff has paid or contracted to pay, if any, for necessary medical treatment and medicines on account of said injuries not exceeding $187 for such medical treatment, and the sum of $83 for such medicines, if any; together with all the facts and circumstances in evidence in the case, and assess her damages at such sum as you believe will fairly compensate her for said injuries, not exceeding the sum of ten thousand dollars."

By this instruction the jury were authorized, as is to be observed, to take into consideration plaintiff's age and condition in life. It is argued that this is error, for it is said there is no evidence tending to show that plaintiff earned wages or suffered any pecuniary loss in her occupation. There is authority for the argument which condemns such words in an instruction on the measure of damages. In such cases, it is said that, though it is competent for the jury to consider the age of the injured person, her condition in life should not be reckoned with, if it appears she is a married woman, unless some separate occupation is pursued by her which yields benefits separate and apart from that to which the husband is entitled because of the marital relation. The idea which seems to have influenced the judgment of the court in those cases is to the effect that "the condition in life" of a married woman, who is injured, is not to be considered on the measure of damages in her suit for a tort committed upon her, in that it calls into view her earning power, and this, as a general rule, inures to the

benefit of her husband.  See Hinds v. City of Marshall, 22 Mo. App. 208, where the Kansas City Court of Appeals so reasons the matter.  To this extent, too, the doctrine seems to have a tacit indorsement of the Supreme Court, as will appear by reference to the case of Phelps v. City of Salisbury, 161 Mo. 1, 16, 17, 61 S. W. 582.

But this court, it appears, advanced a step beyond and condemned like words in an instruction in the case of a *feme sole,* a widow, in which it is obvious that the fact of coverture and its concomitant incidents were without influence whatever, as will appear by reference to the case of Skiles v. St. Louis, I. M. & S. R. Co., 130 Mo. App. 162, 108 S. W. 1082.  An instruction on the measure of damages similar to the one under review in the case of a single woman, who sued for personal injuries, was approved by the Supreme Court in Russell v. Inhabitants of Columbia, 74 Mo. 480, 488, 495, which directed that both her age and condition in life should be reckoned with on that subject-matter.  It is manifest that the ruling in Skiles v. Railroad, supra, is not in accord with that of the Supreme Court in Russell v. Columbia, supra.  Moreover, the early case of Hinds v. City of Marshall, 22 Mo. App. 208, which asserts and declares the doctrine above referred to in the case of a married woman, expressly distinguishes the facts then in judgment from Russell v. Columbia, supra, because the plaintiff in the latter case was a *feme sole.*

In Ward v. Steffen, 88 Mo. App. 571, 576, this court rejected the identical argument advanced here against these words in the instruction on the measure of damages, saying, "There is no merit in the criticism of the direction concerning the measure of damages for permitting the jury to take into consideration plaintiff's condition in life as shown by the evidence." The Supreme Court, too, in the recent case of Phelps v. City of Salisbury, supra, considered the identical

language here involved in an instruction on the measure of damages and declared it entirely proper in that case, the suit being one of a male plaintiff, wherein, of course, the marital right of a husband to the earnings of the wife was in nowise involved.

From what has been said, it is obvious that if the words complained of in the instruction here under consideration are objectionable in any case, the doctrine should be confined to those in which a married woman is plaintiff, and it appears the injury entails a loss upon the husband in virtue of his marital right to the services of the wife and not to those cases where the loss falls upon the plaintiff, a single woman. In cases of the latter class, it is obviously competent for the jury to look to both her age and her condition in life in order to ascertain and determine the extent of the loss to her, with a view of compensating it. Here, plaintiff is a widow. Her injuries were painful and permanent, and the matter of her ''condition in life'' is important because permanent injuries essentially diminish one's ability not only to earn a livelihood but to attend to the ordinary duties and comforts of life as well. The case of Skiles v. Railroad, 130 Mo. App. 162, 169, 108 S. W. 1082, in so far as it treats with this question, should be disapproved.

The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.