#### OF THE

## STATE OF MISSOURI

##### AT THE

#### OCTOBER TERM, 1900.

*(Continued from Volume 160.)*

---

### PHELPS v. CITY OF SALISBURY, Appellant.

#### Division Two, March 12, 1901.

1. **Self-Invited Error:** INSTRUCTION CURED BY COUNTER INSTRUCTION. A party will not be heard to complain of an error which he adopts in his instructions. Where plaintiff's instruction bases his right to recovery on an issue which is not warranted by either the pleadings or evidence, a judgment for him will not be reversed, if defendant by his instructions, adopts the same theory of plaintiff's right to recover.

2. **Negligence:** SIDEWALK: INSTRUCTION: CARE: CONVERSE STATEMENT. The caution and care which a pedestrian is to use, must be estimated in reference to the sidewalk which caused his injuries, and, if he knows of its unsafe condition, the care exacted of him is such as an ordinarily prudent person similarly situated would, under the circumstances, including both the condition of the sidewalk and his knowledge, exercise. And the converse of this instruction is that if plaintiff was not using that care, he can not recover.

Phelps v. City of Salisbury.

3. ———: MEASURE OF DAMAGES: PLAINTIFF'S AGE: NO EVIDENCE: PERSONAL PRESENCE. An instruction should be based on the evidence. An instruction which told the jury in a personal injury case that in estimating plaintiff's damages they should take into consideration his age, is erroneous if there was no evidence showing how old he was. Such instruction is not authorized by plaintiff's personal presence before the jury (Distinguishing Bertram v. Peoples Railway, 154 Mo. 639, and State v. Thompson, 155 Mo. 300).

4. ———: ———: "CONDITION IN LIFE:" NO EVIDENCE: PERSONALLY PRESENT. Where the plaintiff is a man and is personally present before the jury, an instruction which tells the jury that, in estimating his damages for personal injuries due to defendant's negligence, they should take into consideration his "condition in life," is not erroneous, although there is no specific evidence on the point, if those words clearly have reference alone to his ability to work or earn a livelihood.

Appeal from Chariton Circuit Court.—*Hon. O. F. Smith,* Special Judge.

REVERSED AND REMANDED.

*C. C. Hammond* and *Stockwell & Lamb* for appellant.

(1) Instruction one given in behalf of respondent, does not truly declare the issues, and is erroneous and misleading. Young v. Ridenbaugh, 67 Mo. 574. It assumes to declare the issues that are presented to the jury. It declares that plaintiff seeks to recover damages for injury received on account of the dangerous condition of sidewalk and its crossing over the Wabash railroad, and in consequence of its failure to "maintain railings along the sides of said crossing, . . . . . . which it was the duty" of the said defendant city to construct and maintain in a reasonably safe condition for the travel of the public by day and by night. (2) Instructions 6 and 7 given for defendant, fairly present the issues and the law to

the jury. Instruction 3 given in behalf of plaintiff, does not correctly declare the law, is not in harmony, and is inconsistent with, instructions 6 and 7 aforesaid. Boynton v. Miller, 63 Mo. 207; Thomas v. Babb, 45 Mo. 384; Frank v. Railroad, 57 Mo. App. 181; State to use v. Bank, 10 Mo. App. 482; Stone v. Hunt, 94 Mo. 475. Ordinary prudence and care without knowledge of danger will suffice; but ordinary care and prudence in the face of known danger is not sufficient. But if instruction 4 could be held correct, the error of giving an erroneous instruction is not cured by giving a correct instruction on the same point. Jones v. Talbot, 4 Mo. 279; Hickerson v. Griffen, 6 Mo. 37; Singer Mfg. Co. v. Hudson, 4 Mo. App. 145; State v. McNally, 87 Mo. 644; Sullivan v. Railroad, 88 Mo. 169; Billups v. Daggs, 38 Mo. App. 367; Fink & Nasse v. Algermissen, 25 Mo. App. 186. (3) Instruction 7 given for respondent is erroneous, in this, that the jury are therein told, among other things, that in estimating the damages they will take into consideration "his age and condition in life." There was no evidence offered as to the age of respondent, and the giving of said instruction was reversible error. The authorities are uniform in holding that an instruction should not be given if there is no evidence to support it; that no issue of fact should be submitted to the finding of a jury about which there is no proof. Culberson v. Railroad, 50 Mo. App. 556; Norton v. Railroad, 40 Mo. App. 642; Mammerburg v. Railroad, 62 Mo. App. 563; Duke v. Railroad, 99 Mo. 347; Slaughter v. Railroad, 116 Mo. 269; O'Brien v. Loomis, 43 Mo. App. 29; Rhodes v. City of Nevada, 47 Mo. App. 499; Wilkerson v. Eilies, 114 Mo. 245; Hinds v. City of Marshall, 22 Mo. App. 208; Gessley v. Railroad, 26 Mo. App. 156; White v. Chancy, 20 Mo. App. 389; Waddingham v. Hulett, 92 Mo. 528; Gorham v. Railroad, 113 Mo. 408; Harrison v. White, 56 Mo.

App. 175; Moore v. Hawk, 57 Mo. App. 495. (4) A further objection to the instruction under review is, that the jury was instructed to take into consideration as an element in estimating the damages sustained by plaintiff, "his condition in life." In the language of the learned judge in the Hinds case, "what is meant by the words 'condition in life' is not apparent." These words can not refer "to the physical injuries inflicted," "the bodily pain and mental anguish endured," "the loss of time occasioned and all the expenses incurred in and about the treatment of the case," or, "to any, and all such damages which it appears from the evidence will reasonably result to him from said injuries in the future," for these are all enumerated as aggravations of the damages in addition to plaintiff's "age and condition in life." These words "condition in life" can not mean, or refer to, plaintiff's decreased ability, by reason of his injuries, to earn a livelihood, of which testimony was given, because such element of damage is fully covered by other parts of the instruction.

*James C. Wallace* and *W. H. Bradley* for respondent.

While there was no evidence as to the exact age of the respondent, yet there was positive evidence by Mrs. Jones and Mrs. Tudor, his two sisters, as to their ages at a fixed period, and that plaintiff was younger than they. Aided by this testimony, the jury could well nigh fix his age by the fact that he was personally present and testified. At least, these words, under the circumstances, could not have influenced the amount of the verdict, and the objection being exceedingly technical, should be ignored. Bertram v. Peoples Railway, 150 Mo. 639; State v. Thompson, 155 Mo. 306. This court is required by statute not to reverse a judgment unless error has been committed materially affecting the merits of the action. R. S.

1899, sec. 865.    Without these words in this instruction the verdict would have been the same.    The damages were surely placed very low considering the extent of his injuries. Thomas v. Railroad, 20 Mo. App. 485; Yocum v. Town of Trenton, 20 Mo. App. 489; Bigelow v. Street Railway, 48 Mo. App. 368.

BURGESS, J.—This is an action against defendant city to recover damages for personal injuries sustained by plaintiff while walking along and upon one of its sidewalks.

It is predicated upon defendant's alleged negligence in carelessly and negligently constructing that part of the sidewalk where the same is crossed by the Salisbury & Glasgow branch of the Wabash railroad, in this, that it failed to erect and maintain guards or railings on and along the sides of the same where it passes down an embankment and over a ditch of the depth of four feet, on the side of said branch railroad. And that by reason of the negligence and carelessness of defendant to properly construct and keep in safe and good condition the sidewalk and railroad crossing and suffering them to get out of repair and to become dangerous and unsafe for public travel, by failing to keep the plank of which said sidewalk and railroad crossing were built securely nailed to its foundation timbers, but allowed the same to become loose and insecure so that the ends thereof would stand above and below the common level of the walk, and carelessly and negligently allowed the nails with which said plank were fastened to work out and up so that they stood above the surface of the walk, thus rendering the same unsafe for public use and travel for a long time before the accident, and that by reason thereof, plaintiff, on or about the fourteenth day of October, 1894, while passing over that part of said sidewalk, and while using care and caution, caught his foot against the end of one of the loose

planks of said walk, and against one of the spikes or nails, which had partly drawn out of the same, and was by reason thereof thrown down, causing a dislocation of his left knee, resulting in the necessary amputation of that leg, etc.

The answer is first a general denial. It then alleges that the sidewalk where the accident occurred was at that time, and for a long time previous thereto, in a reasonably good and safe condition; that plaintiff was familiar with it, was accustomed to pass over and upon it daily and knew its condition, and that he so carelessly and negligently passed over and upon said sidewalk that he slipped thereon and fell, which was the result of his own carelessness and negligence, and that the extent of plaintiff's injury and the amputation of his limb were occasioned by his physical condition prior to receiving the injury, and to his own subsequent carelessness and negligent conduct.

The salient facts are about as follows:

At the time of the accident, and for about four years prior thereto, the plaintiff was and had been a citizen of defendant city, and while returning home from church about eight o'clock on the evening of the fourteenth of October, 1894, and without fault or negligence upon his part, he struck his right foot against the end of a board of the sidewalk of said crossing of which it was composed, where the sidewalk and crossing connected, and slipped, and was precipitated into a ditch under the crossing, and his left leg so badly injured that amputation was a necessary result.

At the point where the injury occurred, the ends of the sidewalk plank where they had been nailed, had become loose, and the walk in consequence thereof had settled down, and was at the time an inch and one-half lower than the ends of the plank in the crossing. The sidewalk had been in this condition some two or three months, and plaintiff testified that he had about that time called the mayor of the city's attention to

it, as well also as one of the councilmen. The evening upon which the accident occurred was dark, but there was an electric light near the point of the accident, but an arm of the lamp shaded the place. Plaintiff's injuries were serious and are permanent.

At the instance of plaintiff, and over the objection and exception of defendant the court instructed the jury as follows:

"1. For plaintiff, the court instructs the jury: That in this case the plaintiff seeks to recover damages for an injury to him, resulting in the loss of a leg, alleged to have been received by him on account of the defective and dangerous condition of a sidewalk and its crossings over the Salisbury & Glasgow branch of the Wabash Railroad Company, on the north side of Third street in said city, and in consequence of its failure to maintain railings along the sides of said crossing where the same passes down the embankment of said railroad, which it was the duty of said defendant city to construct and maintain in a reasonably safe condition for the travel of the public by day or by night. His claim is based on the alleged negligence of defendant in failing to keep said sidewalk in a reasonably safe condition for the use of the public, and on carelessness and negligence in failing to construct and maintain railings on the sides of said walk where it passes down the railroad embankment over the ditch alongside of the track, and the injury received by plaintiff in consequence of such failures. The defendant city, by its answer, denies the carelessness and negligence charged against it, and the injury, and asserts that the injury, if any, to plaintiff, was received by him as a result of his own carelessness, and negligence.

"2. You are instructed that it was the duty of defendant city to maintain said sidewalk and crossing over the railway track in a reasonably safe condition for travel by day or by

night. If therefore, you believe from the evidence that the plaintiff received the injury complained of by reason of the carelessness and negligence of the defendant in failing to maintain and keep said sidewalk and railroad crossing in a reasonably safe and proper condition for the public use by day or by night, and without fault or negligence on his part, then your verdict must be for the plaintiff.

"3. The jury are instructed that if they shall find and believe from the evidence in this case that the sidewalk and crossing, down the railroad embankment described in plaintiff's petition, were in an unsafe and dangerous condition, and that the defendant or its officers knew, or by the exercise of reasonable attention, care and diligence might, have known the fact, and that they carelessly and negligently failed within a reasonable time to repair and put same in a reasonably safe condition for the use of the public, and that plaintiff was injured in consequence thereof, then their verdict should be for plaintiff, though they further believe that plaintiff knew of the unsafe and dangerous condition of said walk and railroad crossing, provided they shall also believe from the evidence that he was at the time of receiving said injury using ordinary prudence and care on his part to avoid the same.

"4. The court instructs the jury that in this case it does not devolve on the plaintiff to prove that he was exercising ordinary care in walking over and upon the walk where he received the injury. The law presumes that he was; and it is a matter of defense for the defendant. The burden is upon the defendant to prove to the reasonable satisfaction of the jury, by the preponderance of the evidence, the defense of contributory negligence set up and pleaded in its answer, and if it has failed to so prove and satisfy the jury, the finding must be for the plaintiff on this issue, and although the plaintiff may have known of the condition of said walk, the law did not require of him the

exercise of extraordinary care in passing and travelling over said walk, but only that he exercise such care and prudence in passing over and upon said walk as ordinarily prudent persons would, under like circumstances and having like knowledge.

"5.    The jury are instructed that notwithstanding they may believe from the evidence that the plaintiff may have had tuberculosis or blood taint at the time of the happening of the injury complained of, which may have aggravated his injuries or retarded his recovery, yet if he received the injuries complained of directly by reason of the negligence of the defendant, if the jury find it was negligent, in failing to have and keep the sidewalk and crossing, at the point where plaintiff fell and was injured, in a reasonably safe condition for foot-passengers to pass over either in the daytime or at night, then the fact that the plaintiff had tuberculosis, if the jury so find, renders the defendant responsible for all the ill effects which naturally followed said injuries in the condition of health in which the plaintiff was at the time, and it is no defense that the injuries may have been aggravated and rendered more difficult to cure, by reason of plaintiff's state of health, or that by reason of the latent disease the injuries were rendered more serious to him than they would have been to a person in robust health and entirely free from disease.

"6.    The court instructs the jury that it is not necessary to recover in a suit for damages for personal injuries against a municipality; that the neglect to keep its sidewalks and street crossings in repair shall be the sole cause of the injury, but the injured party may recover where he is in the exercise of ordinary care and prudence, and the injury results partly from the defective sidewalks and crossings and partly from an accident that neither the city nor the plaintiff may be responsible for. Therefore, if the jury shall find and believe from the evidence in this case that at the point on Third street, in said city of

Salisbury, where the sidewalk on the south side of block 33 in said city connects with the railroad crossing was defective and unsafe for the use of the public, and that plaintiff was using ordinary care and prudence at the time of receiving the injury, and that in consequence of their defective condition, plaintiff struck one of his feet against the end of the plank composing said crossing and was thrown forward, and that the other foot slipped in consequence of said crossing being wet from a recent rain, if you so find, thus causing him to fall and resulting in the injuries complained of, then in that case the city is liable and your verdict should be for plaintiff.

"7. If the jury find for the plaintiff, in estimating his damages they will take into consideration not only his age and condition in life, the physical injuries inflicted, and the bodily pain and mental anguish endured, together with the loss of time occasioned, and all the expenses incurred in and about the treatment of his case, but also any and all such damages which it appears from the evidence will reasonably result to him from said injuries in the future, in all, however, not exceeding the sum of twenty thousand dollars."

On behalf of defendant city, the court instructed the jury as follows:

"1. The court instructs the jury on the part of the defendant, the city of Salisbury, as follows:

"The defendant, the city of Salisbury, is a municipal corporation, and as such is not an insurer against accidents upon its sidewalks, nor is every defect therein, though it may cause injury, actionable. It is sufficient if the sidewalks are kept in a reasonably safe condition for travel therein in ordinary modes.

"2. The jury are instructed that municipal corporations, such as the defendant, are only liable for such defects in their sidewalks as are in themselves dangerous, or such that a person

exercising reasonable care and caution would not avoid danger in passing over, and if the jury believe from the evidence that the defect, if any, in the sidewalk in question, was not in itself dangerous to the safety of persons passing over it, with reasonable care and caution, and that the alleged injury to plaintiff was the result either of mere accident, without negligence of the defendant, or that it resulted from a want of reasonable care. and caution on the part of the plaintiff, then they should find for the defendant.

"3.   In determining the question of negligence or carelessness on the part of the plaintiff, the jury will take into consideration all the facts and circumstances in proof, including the condition of the said sidewalk at the place where the injury is alleged to have occurred and the knowledge of the plaintiff of the same, if he had such knowledge, and if, from all the facts· and circumstances of the case, they believe that negligence or the want of ordinary care or prudence on the part of plaintiff directly contributed to the accident which caused the injury· sued for, they will find for the defendant.

"4.   In order for the plaintiff to recover any sum whatever in this action, he must establish defendant's liability by the preponderance of evidence, that is to say, .by the greater· weight of all the creditable evidence in the case; and unless he has done so, your verdict must be for defendant.

"5.   Although the jury may believe from the evidence that one or more planks in the sidewalk at the place where the alleged injury occurred, were loose from the stringers, and that one or more nails projected above the level of the sidewalk, and that there was a descent in said walk, and that there was *no railing on the sides of* said walk, yet if the jury further believe from the testimony that the sidewalk in question was at the time of the alleged injury, in a reasonably safe condition for travel in the ordinary modes upon a sidewalk, the jury should

find for the defendant.

"6.   Although the jury may believe from the evidence that the defendant city suffered one or more of the boards in the sidewalk in question to be and remain loose or detached from the stringers, and that one or more nails were permitted to project above the walk, and that plaintiff caught his foot against one of said nails, and was thereby thrown from said walk; and although you may further believe that there were *no railing on the sides of* said walk and that there was a descent in said walk; yet if the jury further believe from the evidence that plaintiff knew of such conditions of said sidewalk before he fell, and that so knowing the condition of said sidewalk, the plaintiff while walking over and upon said sidewalk was not using reasonable care, that is to say, such care as a person of ordinary prudence would have used under the same circumstances and with the same knowledge, and that he caught his foot while so walking, and was thrown down and injured, he can not recover in this action, and your verdict must be for the defendant.

"7.   If from the evidence you believe that at the time and place in question the sidewalk had been rendered slippery and dangerous from recent rain, then the plaintiff was bound to observe a greater degree of care in traveling upon said walk than would otherwise have been necessary, that is to say, a degree of care reasonably commensurate with the danger of falling therefrom, and if he failed to use such care and such want of care caused or directly contributed to his fall, the city is not liable and the plaintiff can not recover.

"8.   The plaintiff in his petition alleges that his fall was caused by catching his foot against the end of a loose plank in the sidewalk and against a spike or nail therein.   The court therefore instructs you that if from the evidence you believe that his fall was not so caused, but that he slipped and fell from

said sidewalk, the plaintiff can not recover.

"9.   If from the evidence you believe that the plaintiff was predisposed to tuberculosis or other ·disease, and that he failed and neglected to use reasonable care in the treatment of the injury to his leg caused by his fall, and that by reason of said want of care on his part said disease broke out in his injured leg and rendered it necessary to amputate said leg, the city is not responsible for such amputation nor for the consequent pain, suffering or loss.

"10.   If from the evidence you believe that by the exercise of ordinary care and prudence on the part of the plaintiff, and by submitting to the reasonable directions, advice and regulations prescribed by his physicians the plaintiff could have rendered unnecessary the amputation of his leg, and that he failed and neglected to use such care. and prudence, or failed to submit to the reasonable regulations, ·directions and advice of his physicians, and because of such conduct on his part the injury caused by his fall from the sidewalk was so aggravated by disease that his leg had to be amputated, then the court declares the law to be that the city can not be held responsible for the amputation of plaintiff's leg; nor liable for any pain, suffering or permanent injury resulting from such amputation.

"11.   The court instructs the jury that you are the sole judges of the weight of the evidence and of the credibility of the witnesses and if you believe from the evidence that any witness has willfully sworn falsely to any material fact, then you are at liberty to disregard the entire evidence of such witness, and in determining what weight and credit shall be attached to the testimony of any witness sworn in the cause, you may take into consideration his relation to the suit, and his interest, if any, in the result of the case, and all other facts and circumstances in evidence."

The trial resulted in a verdict and judgment in favor of

plaintiff for five thousand dollars, from which defendant appeals.

The first instruction given in behalf of plaintiff is criticised upon the grounds that it does not correctly declare the issues, and is misleading. While the petition alleges that defendant failed to erect and maintain guards or railings on and along the sides of the sidewalk where the street passes down an embankment and over a deep ditch, to-wit, of the depth of four feet on the side of said branch railroad track, it nowhere alleges that this was the cause of or had anything to do or connection with the accident, but the petition does allege, that the injury was caused by the negligence of defendant city in permitting its sidewalk, where the accident occurred, to become unsafe for public travel by reason of the nails with which the plank forming the sidewalk were nailed down coming loose, so that where they connected with the plank over the railroad crossing, they were from one to one and one-half inches above the level of the walk, and against the end of which he struck his foot and fell, and was injured. Nor did the evidence show that the absence of the railings upon the sides of the walk where the accident occurred had anything to do with the accident. This instruction was therefore unwarranted by both the pleadings and the evidence and, but for the fact that defendant by its fifth and sixth instructions in substance adopted the same theory, the judgment would have to be reversed, but a party will not be heard to complain of an error which he invites or adopts. [Whitmore v. Sup. Lodge, Knights and Ladies of Honor, 100 Mo. 36, and authorities cited; Johnson-Brinkman Co. v. Central Bank, 116 Mo. 558, and authorities cited.]

It is claimed that plaintiff's third instruction is erroneous upon the ground that it is in conflict with defendant's sixth and seventh, which, it is asserted, correctly declare the law.

In the first place, defendant's sixth instruction is vicious

in that it is not in accordance with the evidence, which shows that the injury was occasioned by plaintiff striking his foot against the end of a plank in the sidewalk which stood above the level of the walk, while the instruction says against a protruding nail in the sidewalk.

There is, however, no conflict in the instructions with respect to the quantum of caution and care required by law of plaintiff to prevent the accident. They must be considered with reference to the condition of the sidewalk where and when the accident occurred, and although plaintiff knew of its unsafe condition, the care exacted of him was such as an ordinarily prudent person similarly situated would under the circumstances, including the condition of the sidewalk, have exercised, and this was the theory presented by plaintiff's instruction. Defendant's instructions under comment simply presented the converse of plaintiff's, that is, if the jury believed from the evidence that plaintiff was *not* using reasonable care, as a person of ordinary prudence would have used under the same circumstances, and with the same knowledge, he could not recover. It is clear we think that there is no conflict in the instructions.

There was no verbal testimony as to plaintiff's age at the time of the accident or trial, and the point is made that plaintiff's seventh instruction, which told the jury that in estimating the damages that plaintiff had sustained they would take into consideration "his age and condition in life," was erroneous for the want of evidence upon which to base it.

It is well settled that an instruction should not be given where there is no evidence upon which to base it (Wilkerson v. Eilers, 114 Mo. 245), and the only question is whether or not plaintiff's personal presence before the jury at the trial authorized the instruction. Plaintiff's contention is that it did, and, in support of this position relies upon Bertram v. Peoples Railway Co., 154 Mo. 639, and State v. Thompson, 155 Mo. 300.

Bertram's case was an action for damages against a grip-car line for personal injuries, upon the trial of which he testified that he was sixty-eight years old.   There was no other testimony with respect to his age, and it was held not to be reversible error for an instruction to assume that he was an old man.

In the case of the State v. Thompson, supra, defendant was prosecuted for the crime of embezzlement.   Upon his trial he was a witness in his own behalf and the jury were required to find as a fact that he was over sixteen years old.   Held, that they could use their eyes in determining that fact, but that there was ample evidence from which such fact could be found.   But there is a very material difference in determining from a man's personal appearance whether he is an old man or not, or whether he is over sixteen years old, and in passing upon his age from his personal appearance at any particular time, in an action for damages for personal injuries, when the age of the injured party is to be taken into consideration in passing upon the measure of damages sustained by him.

In this case the age of plaintiff was, under the facts, mere conjecture, while it should have been established, as it could have been, to a certainty, or proximately so.

Hinds v. City of Marshall, 22 Mo. App. 215, was an action for damages for personal injuries sustained by reason of an alleged defect in a sidewalk.   There was no verbal testimony as to plaintiff's age, but she was present before the jury, and an instruction which told them that in estimating the damages, to take into consideration "the age and condition in life" of the plaintiff, was held to be erroneous because of the want of evidence upon which to base it.   It was also held in that case that the phrase "condition in life" was misleading, and vicious as applicable to the facts in that case.   A similar instruction was condemned for the same reasons by that court in the subse-

quent case of Geesley v. The Mo. Pac. Ry. Co., 26 Mo. App. 156. But in this case the words "condition in life" had reference alone to plaintiff's ability to work, or earn a livelihood, and is clearly distinguishable from a case in which a married woman is plaintiff, for in such case the husband alone can sue for the loss of the services of the wife, or for damages for her inability to work.

There was ample evidence to take the case to the jury.

For the reasons indicated, the judgment is reversed and the cause remanded.   *Sherwood, P. J.,* and *Gantt, J.,* concur.