Edward O. Millhouser v. Kansas City Public Service Company, Appellant.—55 S. W. (2d) 673.

Division One, December 20, 1932.

*Charles L. Carr, E. E. Ball* and *Virgil Yates* for appellant.

*Frank Benanti* and *Julius C. Shapiro* for respondent.

STURGIS, C.—This is an appeal by defendant, a street car company, in a personal injury case from an order of the trial court sustaining plaintiff's motion for new trial on the ground of having given erroneous instructions to the jury on behalf of the defendant. The plaintiff charges negligence, in addition to other grounds, in violating what is generally termed the humanitarian or last chance rule, which requires anyone operating a dangerous instrumentality, such as a street car, to use a high degree of care, with all the means at hand, to avoid striking and injuring persons who are in or going into peril, after such persons are, or by using due care would be seen to be in such peril by those operating the dangerous instrumentality. The place of the accident in question was at the intersection of Sixth Street, a wide east and west thoroughfare, and Wyandotte Street, running north and south, along which defendant operated a street car line. The offending street car was not one of defendant's cars, but was an interurban car operating over defendant's track. It is conceded, however, that defendant is liable the same as for its own cars. Plaintiff was riding as a passenger in an automobile driven by another party, going east on Sixth Street, and collided with the street car going south on Wyandotte Street. The defendant denied negligence on the part of the operators of the street car and charged plaintiff and his driver with negligence in driving the automobile on the north or wrong side of the center of the street, in violation of a city ordinance and of the rules of the road; also that the driver of the automobile was driving same while in an intoxicated condition, in violation of an ordinance of the city, and thereby caused the automobile to collide with the street car.

As the questions presented here are within narrow limits, it is not necessary to state the facts in detail or the evidence produced by the respective parties. The points mostly contested were whether

the driver of the automobile was in an intoxicated condition at the time and whether he was driving the automobile on the left of the center of Sixth Street in attempting to cross Wyandotte Street. It is practically conceded that the evidence is such that the jury might well have found either way on these disputed facts, but owing to the narrow issues on which the case was submitted, these questions are of little, if any, importance. The defendant does not seriously controvert, and we think the evidence, when taken most favorable to plaintiff, makes a submissible case on the humanitarian or last chance doctrine. The case was so submitted on plaintiff's part, but the jury returned a verdict for defendant. Thereupon the trial court sustained plaintiff's motion for a new trial on the ground that the court had erred in giving on defendant's behalf two erroneous and misleading instructions. The defendant's chief contention is that even if defendant's instructions are erroneous, plaintiff is in no position to complain because an instruction given for him contains a like error.

Let us consider these matters. Plaintiff's principal instruction, which is not criticised, after requiring a finding for plaintiff on formal and undisputed facts, proceeds (omitting some of the if sos and if you so find) :

"And if you further believe and find from the evidence that the motorman operating said interurban car saw, or by the exercise of ordinary care could have seen, the automobile in which plaintiff was riding, approaching, entering, and in a position of imminent peril and danger, near or on said tracks where it would be struck by said street car if said street car continued on its course, and saw, or by the exercise of ordinary care could have seen, that plaintiff was in such peril and oblivious thereto, or unable to extricate himself therefrom, in time thereafter by the exercise of ordinary care on the part of the said operator of said street car, with the appliances at hand, and with reasonable safety to the street car and persons thereon, to have stopped said street car, or to have slackened the speed thereof, and thereby have avoided the collision, and if you further find that said motorman carelessly and negligently failed to stop said street car, or to slacken the speed thereof, and the injuries to plaintiff were directly caused by such failure of said motorman in the foregoing respects, if you so find he was careless and negligent in said respects, then under the law your verdict will be in favor of the plaintiff and against the defendant."

It may be here said that there is evidence that the automobile in which plaintiff was riding was compelled to stop, or nearly so, on the street car track by reason of another automobile cutting in ahead

of it. This instruction sets forth the only theory authorizing a verdict for plaintiff.

■■ One of the instructions which the court then gave for defendant, and for error in so doing granted plaintiff a new trial, is to this effect:

"The court instructs the jury that if you find and believe from the evidence that at the time and place mentioned in evidence the driver of the automobile in which plaintiff was so riding was negligently and carelessly driving the same in an intoxicated condition; and if you further find and believe from the evidence that the collision between the street car mentioned in evidence and said automobile was caused solely by the negligence of the driver of said automobile in driving said automobile while in an intoxicated condition, if you find he was in an intoxicated condition, then plaintiff cannot recover and your verdict must be for the defendant."

It is clear, we think, that under this record the giving of this instruction was erroneous, and defendant does not seriously contend otherwise. There was nothing for the jury to consider in this case except whether defendant was negligent under the humanitarian doctrine, as stated in plaintiff's instruction. Under that instruction, it was wholly immaterial whether the driver of the automobile was intoxicated or not. Whether the driver of the car, or even plaintiff himself, was drunk or sober, the defendant owed him the same duty not to injure him when it had the last clear chance not to do so. Negligence of plaintiff in going into or being in a position of peril creates no exception to the humanitarian rule. The very essence of that rule is to exclude the negligence of the one invoking it. When the humanitarian rule begins to operate, all prior and antecedent negligence of either party goes out of the case, and the sole question left is the ability of the defendant to prevent the injury under the then conditions. The rule begins to operate when the operator of the street car sees or could see the plaintiff in peril. [Murphy v. Railroad, 228 Mo. 56, 82, 128 S. W. 481; Banks v. Morris & Co., 302 Mo. 254, 267, 272, 257 S. W. 482; Hanlon v. Railroad, 104 Mo. 381, 389, 16 S. W. 233; Werner v. Railroad, 81 Mo. 368, 374; Morgan v. Railroad, 159 Mo. 262; 60 S. W. 195.] Many other cases might be cited.

In Smith v. Railroad, 321 Mo. 105, 9 S. W. (2d) 939, 946, where the court had improperly refused to submit the case on the humanitarian theory, this court said: "It may be well to note also that, in the event of another trial of this case, instructions along this line (plaintiff's negligence) should not advise the jury that Haley's contributory negligence is a bar to plaintiff's recovery, thereby excluding plaintiff's right of recovery under the humanitarian doctrine. Ob-

viously, instructions of this character were given, at the trial in question, because by giving defendant's Instruction E, the court excluded plaintiff's right of recovery on that ground from the consideration of the jury.'' In that case Haley was the driver of the automobile. One of the instructions thus condemned told the jury that if a collision of the automobile and railroad train was wholly caused by the negligence and carelessness of the driver of the automobile, and defendant was not negligent in operating the train, then your verdict should be for defendant.

In Banks v. Morris & Co., supra, this court said: ''It is of no consequence what brings about, or continues, the situation of peril. . . . But regardless of what occasions his peril, the law out of its extreme regard for human life makes it the duty of another who sees him in peril to exercise ordinary care to prevent his injury or death.''

Instructions such as the one just above quoted, while proper in ordinary negligence cases, where plaintiff's negligence constitutes a defense to defendant's negligence, are wholly improper as against the humanitarian doctrine, which constitutes an exception to the general rule and blots out plaintiff's negligence.

In the Hanlon case, supra, this court said: ''Defendant asked two instructions directing the jury to find for defendant in case they found that plaintiff was negligent in failing to look out for the train. These instructions the court properly refused for the reason that they wholly ignored the qualification of the rule hereinbefore discussed. They directed a verdict for defendant if the negligence of plaintiff concurred in producing the damage regardless of the subsequent negligence of defendant, which was more than defendant had a right to ask.''

It is true that the instruction in question tells the jury that if the collision between the street car and the automobile in question ''was caused solely by the negligence of the driver (plaintiff being a passenger) of the automobile in driving said automobile while in an intoxicated condition,'' plaintiff cannot recover. In a limited sense this is true, for the defendant cannot be held liable for the driver's negligence, and if that alone caused the accident, the defendant could not be liable. The driver's negligence, if the sole cause of plaintiff's injury, excludes negligence of the defendant, even under the humanitarian rule, but if defendant was guilty of negligence under the humanitarian rule, as to which plaintiff's negligence or that of the driver is not a bar, then the driver's negligence could not have been the *sole cause* of the collision, and the two instructions are contradictory and highly confusing.

This instruction contains the same error that is pointed out in Peppers v. Railroad, 316 Mo. 1104, 1114, 295 S. W. 757, which case did not involve the humanitarian rule as a ground of negligence, but was based on the defendant's negligence, to which the driver's negligence was contributory or concurring. The trial court gave an instruction telling the jury that if the driver was negligent in driving onto the railroad track without looking and listening, and his negligence in so doing was "the sole cause of the death of Mildred Peppers," then to find for the defendant. Of this instruction this court said: "An examination shows the instruction is technically correct, as far as it goes, but it is misleading. It is true that if the negligence of the driver of the automobile was the sole cause of the death of Mildred Peppers, the plaintiff cannot recover. The instruction, however, does not embrace the entire situation, for it fails to inform the jury that the driver's negligence cannot be imputed to the deceased in determining whether his negligence was the sole cause of the collision. The whole evidence tends to show more than the negligence of the driver as the sole cause of the collision, for it may be inferred from it that the negligence of the defendant was either a concurring cause or the sole cause. If the instruction had explained to the jury that the negligence of the driver could not be imputed to plaintiff in determining whether his negligence, if any, was the sole cause of the collision, a different situation would have obtained. This instruction as given was error because it was misleading."

The error in defendant's instruction in assuming that plaintiff is to be held liable for the negligence of the driver has no counterpart in plaintiff's instruction, and to this extent at least defendant's instruction is not cured by any like error in plaintiff's instruction.

In Boland v. Railroad (Mo.), 284 S. W. 141, which involved the same facts and acts as the Peppers case, supra, the trial court gave an instruction that if the jury found the collision of the train with the automobile "was the result of the sole negligence of the driver of the automobile," then plaintiff cannot recover and to find for defendant. Of this instruction this court said: "Of course the defendant is not liable if its alleged negligence had nothing whatever to do with bringing about plaintiff's injury. But the cryptic way in which this information was conveyed to the jury was calculated, not to enlighten, but to confuse."

If such an instruction is error because "misleading" or "cryptic" in a case where defendant's liability to a passenger in the automobile, the driver of which is negligent, is involved, much more it is erroneous when such passenger's case is based on the humanitarian rule. The chief reason, however, why this instruction is erroneous is that plaintiff's negligence, or that of the driver of the automobile, is no

940

defense to defendant's negligence where plaintiff's case is based on a violation of the humanitarian rule, and an instruction on plaintiff's negligence has no place in the case. The only defense in a case properly submitted on the humanitarian rule is to disprove one or more of the basic facts on which that rule rests.

What we have said also applies to the other instruction given for defendant setting up the negligence of plaintiff, or the driver, in driving on the left and wrong side of Sixth Street.

■ Defendant contends, however, that plaintiff is in no position to complain or take advantage of these erroneous instructions given for defendant for the reason that an instruction given for plaintiff contains a like error. Defendant invokes the well-established rule that one party in a case cannot complain or take advantage of erroneous instructions given for his adversary when his own instructions contain the same erroneous theory of the law. Defendant cites such cases as McGonigle v. Daugherty, 71 Mo. 259, 266; Smith v. Culligan, 74 Mo. 387, 389; Reilly v. Railroad, 94 Mo. 600, 611, 7 S. W. 407; Phelps v. Salisbury, 161 Mo. 1, 14, 61 S. W. 582; Kinlen v. Metropolitan Street Ry. Co., 216 Mo. 145, 166, 115 S. W. 523; Kincaid v. Birt (Mo.), 29 S. W. (2d) 97; Parker v. Railroad (Mo.), 41 S. W. (2d) 386. Such rule, however, should be applied with discretion. The underlying reason of the rule is that one party cannot predicate error on an instruction declaring a theory of the law which he himself has adopted and invited and induced the court and his adversary to adopt. It is sort of a judicial set-off of one error against a similar error, or more properly applied when the court finds that both parties have used or tried to use the same erroneous view of the law to his own advantage, in which case this court will not aid either party, but will leave them where they have put themselves. Is this principle applicable to the facts here?

■ The offending instruction is No. 2 given for plaintiff and the material parts of same, with the clause containing the same error as defendant's instruction in italics, reads:

"You are further instructed that the conduct or alleged negligence of the driver Austin is not imputable or chargeable to plaintiff, and if you believe from the evidence that plaintiff was in a position of peril from the approach of the street car, and that the operator thereof knew, or by the exercise of ordinary care could have known thereof in time thereafter by the use of ordinary care, with the appliances at hand, and with safety to the street car and those on it, to have stopped the street car, or slackened its speed, and thereby have prevented plaintiff being injured, and that the operator of said street car failed to use ordinary care so to do, and was thereby guilty of negligence, which caused the collision and injuries, if any, to plain-

tiff, as set forth in said instruction number one, then regardless of any previous actions whatsoever on the part of the driver Austin, and regardless of any alleged negligence of Austin or the plaintiff, *unless such negligence, if any, of Austin was the sole cause of the collision,* then plaintiff is entitled to recover under said rule of law known as the humanitarian rule.''

It is not questioned and is obvious that this instruction is correct and sets forth matters which the jury should know and consider in determining defendant's liability under the only theory of negligence submitted to the jury. The instruction is entirely correct and appropriate without the clause in italics. That clause is, as we have said, strictly speaking, correct for defendant could not be held liable for the negligence of the driver of the automobile if that and that alone caused the collision and injury. That, however, was not a material or essential fact under the humanitarian rule. The error, however, is plainly in defendant's favor.

The record in this court shows a sidelight that may help to illuminate this spot. As we have said, the theory on which an error in an instruction for plaintiff cures a like error on defendant's part is that the plaintiff has invited and induced defendant to commit such like error. The bill of exceptions shows only that the instructions in question were given for the respective parties over the objections and exceptions of the other party. Both parties have, however, gone outside of the record to show how this objectionable clause came to be inserted in the instruction, and taking defendant's statement as correct, it appears that the instruction was first asked by plaintiff in its correct form and without this clause, and "the court, after conference with respective counsel, announced he would give Instruction No. 2 if the sole cause provision was inserted therein." Plaintiff's counsel agreed to this and it was inserted by the court or plaintiff's counsel at the court's instance. If this be correct, it is far from showing that plaintiff's counsel invited or induced the court to give, or defendant's counsel to ask for instructions erroneous in this particular.

However this may be, it should be noted that the sole cause provision, improper because useless, was a part of and merely an addition to an otherwise correct instruction, and when read as a part of the instruction correctly stating the humanitarian rule of negligence, would, we think, be far less likely to be misunderstood and misapplied than when stated in an independent instruction for defendant. As stated in defendant's instructions, what was a parenthetical clause in plaintiff's instruction, though inapplicable to the one issue submitted, was made a positive and emphatic defense, which it was not, to be contrasted with plaintiff's instructions. De-

942

fendant's independent instructions singling out the driver's negligence in placing plaintiff in a position of peril were calculated to unduly impress the jury that the driver's negligence should be given force and effect as a defense. In other words, we cannot agree that the insertion of this clause favorable to defendant in plaintiff's instruction, though improper because useless, gave defendant the right to repeat and emphasize the error to its own manifest advantage. The most that can be said is that plaintiff, by his instruction modified in the manner stated, gave defendant a yard, and that defendant then took a mile.

We think the court ruled correctly in granting plaintiff a new trial and the case is therefore affirmed and remanded. *Ferguson* and *Hyde, CC.,* concur.

PER CURIAM:—The foregoing opinion by STURGIS, C., is adopted as the opinion of the court. All of the judges concur.