Phoebe SEILER, (Plaintiff) Appellant,

v.

W. H. POWELL LUMBER COMPANY, a
Missouri corporation, (Defendant)
Respondent.

No. 29025.

St. Louis Court of Appeals. Missouri.

Nov. 15, 1955.

John D. Hasler, St. Louis, for appellant.

George E. Heneghan, St. Louis, for respondent.

WILLIAM R. COLLINSON, Special Judge.

Plaintiff filed this suit for personal injuries and property damage against the defendant corporation as the result of a collision between a car owned and driven by plaintiff and a truck owned by the defendant corporation and driven by an employee.

The collision occurred in the west-bound lane of a two-lane State highway in St. Louis County. Plaintiff's car was traveling east and the defendant lumber company truck was west-bound. Plaintiff contended that she had pulled sharply to the left and into the west bound lane immediately prior to the collision because the defendant's truck was approaching her in her lane. Plaintiff also testified that a gravel truck coming from behind her pulled up beside her on her right and prevented her from turning to the right to avoid the collision. The defendant's evidence, supported by several eyewitnesses, was to the effect that defendant's driver was never out of his proper lane and that the accident occurred by reason of plaintiff's attempt to pass this same gravel truck when the defendant's truck was so close that a collision could not be avoided.

Plaintiff submitted her cause of action to the jury solely on the humanitarian doctrine, and defendant submitted its counterclaim for damage to its truck on two theories of primary negligence, that of plaintiff's excessive speed and plaintiff negligently passing when the way ahead was not clear of approaching traffic. The jury found in favor of the defendant on both petition and counterclaim and awarded the defendant one thousand dollars' damages, from which judgment the plaintiff brings this appeal.

The plaintiff assigns as error the giving of two instructions, which were numbered 6 and 7, at the request of the defendant. Each of these instructions authorized a verdict on the defendant's counterclaim and were based on the two theories of primary negligence of the plaintiff as set out above. Plaintiff does not contend that these two instructions did not properly hypothesize facts in evidence which would constitute primary negligence and be a proper basis for a verdict on the counterclaim, but insists that the giving of these instructions was erroneous because the instructions submitted contributory negligence on the part of the plaintiff, which is improper in a case in which the plaintiff had submitted her case solely on the humanitarian theory.

Of course, it is elementary that, under the Missouri humanitarian doctrine, instructions which raise the issue of contributory negligence are erroneous and that "the only defense in a case properly submitted on the humanitarian rule is to disprove one or more of the basic facts on which the rule rests". Millhouser v. Kansas City Public Service Co.; 331 Mo. 933, 55 S.W.2d 673, loc. cit. 676. There can be no question that when a plaintiff submits a case solely on the humanitarian doctrine the defense of contributory negligence passes completely out of the case. Our Supreme Court has so held in numerous instances. See Gray v. Columbia Terminals Co., 331 Mo. 73, 52 S.W.2d 809. However, the contention of the plaintiff in this case, if followed to its logical conclusion, would prevent the defendant from submitting the question of plaintiff's primary negligence as a basis for a verdict for the defendant on defendant's counterclaim. The two disputed instructions in this case commenced with the words, "as to the defendant's counterclaim, the court instructs the jury that if you find and believe", and concluded with the words, "then you should find your verdict in favor of defendant and against plaintiff on defendant's counterclaim to recover damages to its motor truck". Certainly the instructions could not have been more carefully worded to have limited the consideration of the facts hypothesized therein to the single issue of the plaintiff's liability to the defendant on the counterclaim. It is true that the instructions criticized do not in any way make any reference to plaintiff's humanitarian case, but the Supreme Court, in the case of Hangge v. Umbright, Mo., 119 S.W.2d 382, 383, has directly held that this is not necessary. The same contention was made in that case as to a defendant's instruction on a counterclaim. The Supreme Court overruled this contention, and we think the following language in that opinion is conclusive as to the contention made by plaintiff herein:

"Plaintiff contended that this instruction was erroneous because it failed to embody plaintiff's humanitarian theory of the case. In this plaintiff cannot be

sustained, because, * * * second, as worded, there was no necessity to refer to the humanitarian doctrine in this instruction. The jury was required to find, before authorizing a verdict on defendant's counterclaim, that the defendant at all times was exercising the highest degree of care and that the damage to defendant's car was the direct result of plaintiff's negligence. If the jury so found then defendant was entitled to a verdict on his counterclaim. In passing we may state that plaintiff, in his instruction authorizing a verdict in his favor, did not mention defendant's counterclaim. Plaintiff of course thinks, and correctly so, that that was not necessary. This case, as many others, is briefed here somewhat on the theory that there is something mysteriously sacred about the humanitarian doctrine. That it is, so to speak, a favorite child before the law, a delicate child that must be held aloof from the ordinary rules of law governing a legal battle or lawsuit. Cases under the humanitarian rule are governed by the same rules of evidence and laws governing instructions as other cases. The principal exception is that contributory negligence is not a defense. The action of the trial court in granting plaintiff a new trial cannot be sustained because of the giving of instruction number five."

■ The plaintiff further criticizes the two instructions authorizing a verdict on the counterclaim for the reason that they both use the phrase "directly caused or contributed to cause defendant's truck to be damaged". As we understand the plaintiff's contention it is that the words "directly contributed to cause" interjected the issue of contributory negligence. Plaintiff makes no contention that under the facts in evidence such wording would not have been proper in a verdict authorizing instruction on the defendant's cause of action, except that such words interject the contributory negligence issue in plaintiff's humanitarian case. We are cited no authorities for this proposition, and we think

that the above-quoted language from the Hangge case pointing out that cases under the humanitarian rule are governed by the same laws governing instructions in other cases completely negatives the plaintiff's contention. Without going into the facts in detail, there was substantial evidence on the part of plaintiff, herself, that the driver of the truck that she had just passed was guilty of negligent acts which could have contributed with her negligence to have caused the accident. We think that these facts and the careful wording of the instructions limiting them to consideration of the defendant's counterclaim alone make the instructions entirely proper.

■ Plaintiff further criticizes instruction No. 7 because this verdict authorizing instruction for the defendant does not negative contributory negligence on the part of the defendant. The plaintiff did not submit any contributory negligence instructions on the counterclaim issue, and this objection would probably be well taken except for the fact that the plaintiff in her reply to defendant's counterclaim did not plead contributory negligence on the part of the defendant. It is, of course, a fundamental proposition that contributory negligence is an affirmative defense and must be pleaded before it is an issue in the case, unless contributory negligence exists as a matter of law, and there is no such contention in this case. See Hatton v. Sidman, Mo.App., 169 S.W. 2d 91.

Of course, it might be argued that when the plaintiff in her petition charges the defendant with numerous negligent acts which constitute primary negligence, then it is being very technical to require the plaintiff in a reply to a counterclaim to plead the same acts as contributory negligence. But we do not have to pass upon this interesting question, first, because plaintiff makes no such contention and, second, because when the plaintiff submitted solely on the humanitarian doctrine she abandoned her other specifications of negligence contained in the petition. In Gray v. Columbia Terminals Co., supra,

[331 Mo. 73, 52 S.W.2d 813] the Supreme Court said, "when plaintiff submitted her case to the jury 'under the humanitarian rule alone all the other specifications of negligence contained in her petition passed out of the case * * *.' (Citing cases.)" We therefore hold that it was not error for the defendant to omit a requirement for a finding negativing the defendant's contributory negligence from the defendant's instruction authorizing a verdict on the counterclaim, because contributory negligence is not an issue under the pleadings.

The plaintiff's last assignment of error is that the defendant's measure of damage instruction was not based on any competent evidence as to the value of the defendant's truck immediately prior to the collision and its value in its damaged condition immediately afterward. The Highway Patrolman who investigated the accident testified without objection that the truck was burned and was a total loss, and that he estimated the damage to the truck and cargo was approximately $1500. Another witness, who was a body repair man employed in the garage where the truck was taken after the collision, testified that the truck had been serviced in this garage before the accident and that he was familiar with the truck and its condition before the accident, and further testified, without objection, that the reasonable market value of the truck was $1,200 immediately before the accident and $200 immediately after. We find no merit in plaintiff's contention that there was not sufficient evidence to justify the giving of the instruction on measure of damages.

No error appearing, the judgment is affirmed.

MATTHES, Acting P. J., and DOUGLAS L. C. JONES, Special Judge, concur.